UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MERRILL COMMUNICATIONS LLC, : | |
| : | Civil Action No.: |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| SMITH ELECTRIC VEHICLES US : | |
| CORPORATION : | |
| : | |
| Defendant. : | |

-------------------------------------------------------

## COMPLAINT

Plaintiff Merrill Communications LLC ("Merrill" or "plaintiff"), by and through its undersigned counsel, as and for its complaint against defendant Smith Electric Vehicles US Corporation ("Smith" or "defendant"), alleges as follows:

### Parties, Jurisdiction, and Venue

1. Merrill is a limited liability company that is authorized to do business in the State of Missouri. Merrill's sole member is Merrill Corporation, a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Accordingly, Merrill is a citizen of Minnesota.

2. Upon information and belief, defendant Smith is a Missouri corporation with its principal place of business located at 12200 N. Ambassador Drive, Suite 326, Kansas City, MO 64163.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

**Facts**

5. Merrill provides financial print services to its clients.

6. Merrill provided such services to Smith in 2012 and 2013.

7. On several occasions, Merrill invoiced Smith for the services it received. (Copies of Merrill's invoices to Smith are annexed hereto as Exhibit A.)

8. After making certain initial payments, Smith inexplicably failed to remit the amount due to Merrill.

9. To date, Smith owes Merrill $620,838 (not including applicable service fees) for the services it performed.

10. By letter dated January 22, 2014, Merrill demanded that Smith remit payment of its debt. Smith failed to do so. This action followed.

**COUNT ONE**
**(Breach of Contract)**

11. Plaintiff repeats the foregoing allegations as if fully set forth herein.

12. A valid, binding and enforceable agreement existed between Merrill and Smith concerning the financial print services Merrill provided to Smith.

13. Merrill performed all that was required of it under the parties' agreement.

14. Merrill has invoiced defendant for services rendered under the parties' agreement.

15. Defendant unilaterally and materially breached the parties' agreement by, among other things, failing to remit payments to Merrill when due.

16. As a direct result of defendant's breaches, Merrill has suffered damages in an amount to be determined by the trier of fact but in no event less than $620,838 (not including applicable service fees).

## COUNT TWO
### (Account Stated)

17. Plaintiff repeats the foregoing allegations as if fully set forth herein.

18. Merrill has invoiced defendant for services rendered. See Exhibit A.

19. Defendant has not objected to Merrill's invoices.

20. Merrill has demanded that defendant remit payment on its Invoices.

21. To date, defendant has failed to remit full payment to Merrill on the Invoices.

22. Defendant owes Merrill $620,838 (not including applicable service fees) on its Invoices.

23. An account has been stated by and between Merrill and defendant in the amount of $620,838 (not including applicable service fees), plus attorneys' fees, interest and costs.

## COUNT THREE
### (Services Sold and Delivered)

24. Plaintiff repeats the foregoing allegations as if fully set forth herein.

25. Merrill has sold and delivered services worth approximately $620,838 (not including applicable service fees) to defendant.

26. Defendant accepted the services provided by Merrill.

27. Defendant failed to remit payment for Merrill's services.

28. As a direct result of defendant's actions, Merrill has been damaged in an amount to be determined by the trier of fact but in no event less than $620,838 (not including applicable service fees), plus attorneys' fees, interest and costs.

## COUNT FOUR
### (Quantum Meruit)

29. Plaintiff repeats the foregoing allegations as if fully set forth herein.

30. Defendant is indebted to Merrill for the reasonable value of the services sold together with out-of-pocket expenses.

31. Defendant promised to pay Merrill for the reasonable value of the services sold together with out-of-pocket expenses. Defendant failed to do so.

32. As a direct result of defendant' actions, Merrill has been damaged in an amount to be determined by the trier of fact but in no event less than $620,838 (not including applicable service fees), plus attorneys' fees, interest and costs.

## COUNT FIVE
### (Unjust Enrichment)

33. Plaintiff repeats the foregoing allegations as if fully set forth herein.

34. Defendant obtained services from plaintiff by intentionally or negligently misrepresenting material facts, failing to disclose and concealing material facts, and by making fraudulent statements to plaintiff concerning the payments it would make for such services.

35. Plaintiff reasonably relied on such representations in providing financial print services to defendant.

36. Defendant has been unjustly enriched by the value of the services plaintiff provided.

37. Defendant's actions were committed knowingly, willfully and in conscious disregard of plaintiff's rights. Accordingly, plaintiff is entitled to recover punitive damages.

WHEREFORE, Merrill demands judgment on all Counts in favor of it and against defendant as follows:

A. On all Counts, awarding Merrill actual, compensatory and consequential damages in an amount to be determined by the trier of fact but in no event less than $620,838 (not including applicable service fees);

B. On Count Five, awarding Merrill punitive damages;

C. On all Counts, awarding Merrill its attorneys' fees, applicable interest and costs; and

D. Such other and further relief as the Court deems just and proper.

    /s/ Jonathan K. McCoy
Jonathan K. McCoy, Esq.
5200 W. 94th Terrace
Suite 200
Prairie Village, KS 66207
(816)333-8900
Fax 816-333-7878
jmccoy@tiltonmccoy.com
Attorneys for Plaintiff Merrill